# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA L. NEWBERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-267-SPS |

## OPINION AND ORDER

The claimant Linda L. Newberry requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born March 21, 1967, and was forty-five years old at the time of the administrative hearing (Tr. 29, 128). She completed the ninth grade, and has worked as a convenience store clerk and chauffer (Tr. 21, 156). The claimant alleges that she has been unable to work since January 1, 2007, due to depression, hepatitis C, prior heart attack, high blood pressure, and arthritis (Tr. 151).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on February 24, 2011. Her applications were denied. ALJ James Bentley held an administrative hearing and found that the claimant was not disabled[2] in a written opinion dated March 29, 2013 (Tr. 13-23). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she must avoid

---

[2] Because the claimant had made prior applications that were initially denied on August 8, 2008, and the claimant did not appeal these decisions, the ALJ noted that the claimant could not be found disabled prior to August 8, 2009.

3

concentrated exposure to dust, fumes, and smoke. Additionally, he stated that she was limited to simple tasks with routine supervision requiring no reading or writing, no work-related contact with the general public, and only occasional contact with co-workers and supervisors (Tr. 17). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, press machine operator, automatic machine attendant, and bench assembler (Tr. 21-22).

## Review

The claimant alleges on appeal that the ALJ erred by: (i) failing to elicit appropriate testimony from the vocational expert (VE) in resolving a conflict between the VE's testimony and the Dictionary of Occupational Title (DOT), and (ii) failing to properly assess her RFC, particularly with regard to her severe impairment of obesity. The Court agrees with the claimant's first contention, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

At the administrative hearing, the ALJ elicited testimony from a VE to determine if there were jobs the claimant could perform with her limitations. He posed a series of hypothetical questions requiring the VE to assume various limitations and identify the work someone with such limitations could perform. First, the ALJ posited an individual such as the claimant with her work history, who was limited to medium work, with additional limitations of simple tasks and routine supervision, no work-related contact with the general public, only occasional contact with co-workers and supervisors, and would need to avoid concentrated exposure to fumes, smoke, and dust (Tr. 52-53). The

VE identified two medium jobs and one light job such a person could perform: (i) press machine operator, DICOT § 590.665-014; (ii) automatic machine attendant, DICOT § 649.685-014; and (iii) bench assembler, DICOT § 706.684-042. The ALJ then posited the same limitations as identified in the first hypothetical, with the additional limitation that the individual "cannot read or write," (Tr. 53) to which the VE responded: "The jobs would remain. They don't – the central duty is not to – doesn't include reading and writing" (Tr. 53). Significantly, the ALJ elicited no testimony from the VE about whether any of the jobs he identified were consistent with the job descriptions contained in the Dictionary of Occupational Titles ("DOT") (Tr. 51-54).

In his written decision, the ALJ determined that the claimant's RFC included the limitations in the first two hypotheticals posed to the VE (Tr. 17), then adopted the VE's testimony that the claimant could perform the medium jobs of press machine operator and automatic machine attendant, and the light job of bench assembler (Tr. 22). Further, although there was no evidence at the administrative hearing on this point, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 22).

The ALJ should undoubtedly have asked the VE whether there was any conflict between his testimony and the DOT before concluding that there was none, because "[w]hen vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The

5

[ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). The ALJ's failure to do this would be harmless error if there were in fact no conflicts between the VE's testimony and the DOT, *see Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts."), but the error was not harmless here because there are multiple conflicts that the ALJ should have resolved. The first error identified by the claimant, which the Commissioner concedes, is that the VE described the "Automatic Machine Attendant" job, DICOT § 649.685-014, as a medium, unskilled job, with a specific vocational preparation (SVP) SVP of 2, but the DOT actually identifies this job as having an SVP of 3, which corresponds with semi-skilled—and not unskilled—work. Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *3.

This would ordinarily be harmless error if there were other jobs identified that the claimant could perform. *See, e. g., Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country."). But here the error is not harmless because there exist additional errors with the two remaining jobs identified by the VE and adopted by the ALJ, *i. e.*, press machine operator and bench assembler. The

6

DOT job description for both of these jobs require a reading level of 2 (defined as: "Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes."), and that the claimant be able to write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs. *See* DICOT §§ 590.665-014, 706.684-042. The Commissioner argues that the ALJ *did* resolve any conflict at the administrative hearing because he specifically included the claimant's inability to read and write in his second hypothetical to the VE and the VE testified that the inability to read and write is not a "central duty." But the claimant accurately notes that the VE's testimony was not that these two jobs did not require reading and writing; indeed, the VE's own testimony seemed to indicate that some portion (though not a majority) of the job *did in fact require* the ability to read and write (Tr. 53). The Commissioner's argument thus fails for two reasons. One, a cursory review of these two jobs reveals that neither conforms to the claimant's RFC due to the reading and writing requirement. Two, the undersigned Magistrate Judge will not adopt the Commissioner's post-hoc rationalizations. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. As noted above, in this circuit "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a

determination of nondisability." *Haddock*, 196 F.3d at 1091. *Cf. Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089 (2000) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."). Here, it is clear that the ALJ did nothing to resolve the multiple apparent conflicts between the VE's testimony and the DOT, and was therefore not entitled to rely on the VE's testimony as substantial evidence. Accordingly, the Commissioner's decision must be reversed and the case remanded for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 24th day of March, 2016.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**