# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**LINDA L. NEWBERRY,**              )
                                    )
    **Plaintiff,**            )
                                    )
v.                                  )    Case No. CIV-14-267-SPS
                                    )
**CAROLYN W. COLVIN,**              )
**Acting Commissioner of the Social** )
**Security Administration,**        )
                                    )
    **Defendant.**            )

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorneys' fees in the amount of $4,560.00 and costs in the amount of $400.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 19].[1] The Commissioner objects to the award of fees and costs and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees and costs under the EAJA as the prevailing party herein.

---

[1] The Court notes that the Plaintiff has also requested an additional $684.00 in her Reply Brief, but finds that such a request is not properly before the Court at this time. *See* Loc. Civ. R. 7.1(c) ("Each motion, application, or objection filed shall be a separate pleading[.]").

On appeal, the Plaintiff argued that the ALJ erred by improperly relying on vocational evidence and failing to perform a proper RFC analysis, and this Court reversed primarily on the basis of the first argument. The Commissioner's response to the present motion asserts that her position on appeal was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law, essentially restating the arguments made in the Response Brief. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). Although the Commissioner asserts that reasonable minds could differ, this Court found that the jobs identified by the ALJ *did not* conform to the prescribed RFC and that the Court would not be adopting the Commissioner's post-hoc rationalizations. Inasmuch as it was the ALJ's obligation to provide such a reasonable basis, *see, e. g., Clifton v.*

*Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees and costs as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act and Motion for Award of Court Costs [Docket No. 19] is hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $4,560.00 and costs in the amount of $400.00 to

the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 1st day of July, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma